ALEXANDER DANIELSON, Respondent, v. MET-
ROPOLITAN STREET RAILWAY COMPANY,
Appellant.

Kansas City Court of Appeals, January 5, 1914.

NEGLIGENCE: Street Railways: Custom: Street Crossing: Board-
ing Moving Cars. A plaintiff was injured by being thrown from
the step of a street car which he was attempting to board while
it was in slow motion. To justify his attempting to get aboard
he pleaded a custom of the car company to permit passengers
to get aboard when the car was approaching and slackening
speed for the usual stopping place at the street crossing. The
evidence tended to show that he attempted to board the car
that was not approaching a street crossing, but was approach-
ing another car on the same track, and that the custom was
to permit passengers to board cars anywhere in the block which
were running slowly to avoid cars ahead of them. *Held*, to
be a failure of proof.

Appeal from Jackson Circuit Court.—*Hon. W. O.
Thomas*, Judge.

REVERSED AND REMANDED.

*John H. Lucas* for appellant.

*Henry J. Latshaw* and *Jessie E. James* for re-
spondent.

ELLISON, P. J.—Plaintiff was injured by being
thrown from the step of one of defendant's street cars
as he was attempting to get aboard. This action is
for injuries received. He recovered judgment in the
circuit court.

The evidence in plaintiff's behalf shows that in
the evening of the 27th of December, 1909, about 6
o'clock, he was waiting some distance north of the
north line of the crossing at Twelfth and Main streets,
in Kansas City for an Argentine car on which he in-

tended to ride to his home. It further shows that for cars going south, the north line of Twelfth street is the usual stopping place for taking on and discharging passengers. It further shows that while he was waiting for the Argentine car a Woodland car came along and stopped at such usual stopping place, and that presently plaintiff's car came along and slackened its speed on account of the standing Woodland car. That while going slowly, from two to three miles an hour, and when it was yet some distance from the standing car he crossed over the track between the two to a place between the tracks and then attempted to get aboard into the front vestibule of the Argentine car; that he got on the lower step when the motorman suddenly threw on the electric power and started the car forward with such a sudden jerk as to throw him onto the street and partially under the wheels of the car. Since between the tracks is a dangerous place from passing cars, the usual and proper place for boarding a car (save as influenced by a custom) was at the rear and on the other side.

There was evidence tending to show that it had long been the custom, accepted and acted upon by defendant, in the evening, when the travel was heavy, for persons to cross over between the tracks and enter cars as they were slackening speed for the usual stopping place at the crossing, and it is alleged in plaintiff's petition that defendant's servants had slowed the car for the crossing, preparatory to stopping there when plaintiff made his attempt to get aboard, and so his instructions were drawn.

But the evidence also shows the car had not slackened to a slow speed of two or three miles an hour for the usual stop at the crossing, nor had it slackened for an approach to the crossing. It was stopping to avoid the other car and necessarily would yet make another forward movement after that car had gotten out of the way. This fact may, or may not have a bear-

ing on the issue of the motorman's negligence. In any event, it is a matter for the jury to consider. The custom pleaded as to slowing speed at approach to the usual stopping places at street crossings, is not proven by evidence of a custom to slow down, perhaps midway of the block, to avoid other cars ahead and to permit persons to get aboard and accept them as passengers. If such is the practice of the street car company it should be pleaded. As the case stands one sort of case has been pleaded and instructed upon, while another kind has been shown in evidence. The two customs are not the same. A street car company might allow a custom of persons boarding cars as they were about to stop at the usual place at crossings, and seriously object to it up the block where the slackened speed is for cars ahead and its increase or decrease will be largely governed by the movement of such other cars. It follows that on the theory of plaintiff's case as pleaded by him his excuse or justification for his mode of attempting to get on the car has not been made good and the defendant's demurrer should have been sustained.

But as plaintiff may desire to amend his petition so as to harmonize with his evidence, we will remand the cause. In this view it will not be necessary to comment on instructions criticised, as if justly liable to such criticism. They will be corrected on retrial.

Under a proper petition, we think, the questions of defendant's negligence and plaintiff's contributory negligence, is for the jury. [Scheper v. Railway Co., 126 Mo. 665; Eikenberry v. Railroad, 103 Mo. App. 442; Spencer v. Railway Co., 111 Mo. App. 653.]

The judgment is reversed and cause remanded. All concur.